IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| DAVID J. D'ADDABBO, | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SHOW CAUSE; FOR COURT ORDER TO CEASE AND DESIST (ECF NO. 5)** |
|---|---|
| Plaintiff, | |
| v. | |
| EVELYN SMITH, et al., | **REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT (ECF NO. 6)** |
| Defendants. | |
| | Case No. 2:16-cv-854-CW-EJF |
| | District Judge Clark Waddoups |
| | Magistrate Judge Evelyn J. Furse |

Pending before the Court[1] are Mr. D'Addabbo's Motion to Show Cause; for Court Order to Cease and Desist (ECF No. 5) and Mr. D'Addabbo's Motion for Judgment by Default (ECF No. 6). Because Mr. D'Addabbo failed to effect service on the Federal Defendants, the Court DENIES Mr. D'Addabbo's Motion to Show Cause for Court Order to Cease and Desist and RECOMMENDS the District Judge deny Mr. D'Addabbo's Motion for Default Judgment, quash service of process, and provide Mr. D'Addabbo an additional thirty (30) days to serve the Federal Defendants in compliance with Rule 4(c)(2) and (i).

**I. BACKGROUND**

On August 2, 2016, Mr. D'Addabbo, proceeding pro se, filed a Complaint against "Evelyn Smith, an employee of the IRS Corporation," "Treasury Inspector General for

---

[1] On August 16, 2016, District Judge Clark Waddoups referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)

1

Tax Administration, and his agents, as a Corporation with the IRS and the US Treasury Corporation," and "United States Corporation 052714196 Council of the Inspectors General on Integrity and Efficiency" (collectively the "Federal Defendants").  (Compl., 1, ECF No. 1.)  The title of the Complaint alleges "14 Criminal charges" against the Federal Defendants, including

> **R**acketeering with national and international bankers holding companies and other associations, agencies and nations; **F**raud; **E**xtortion; **K**idnapping false arrest, **F**ormulation of Grand Juries to false indict natural persons, **U**sing unlawful Bill of Attainder Fines to extort FRNs; **U**nlawful entrapment at contract without full disclosure to Applicants; **U**nlawful liens and or garnishments without due process at law; **T**hreats made by using the United States Post office to enforce malicious claims, fines, etc…; **R**efusal in obeying Freedom of Information Act laws; **C**onspiracy with private Tax companies; **C**onspiracy with private and Corporate employers; **C**onspiracy with State, County and City governments; **C**onspiracy to alter the natural person to corporate judicial persons; **And** other crimes not yet noted.

(Compl. 1, ECF No. 1.)  In his request for damages, Mr. D'Addabbo asks this Court to terminate Evelyn Smith and her "accomplices" without benefits, expose by criminal indictment the companies listed in the Complaint, sentence the Federal Defendants to prison time, and award Mr. D'Addabbo $2,026,485.00 in punitive damages.  (Compl. 13–14, ECF No. 1.)

On November 14, 2016 Mr. D'Addabbo filed "Plaintiff's Motion to show Cause; for Court Order to <u>Cease and Desist</u>," ("Mot. to Show Cause"), (ECF No. 5), and "Plaintiff's Motion for:  Judgment by Default," ("Mot. for J. by Default"), (ECF No. 6).  On November 23, 2016, the Federal Defendants filed a combined Opposition to Mr. D'Addabbo's Motion to Show Cause and Motion for Judgment by Default.  (ECF No. 10.)  Mr. D'Addabbo filed his combined Reply on December 13, 2016.  (ECF No. 15.)

On April 20, 2017, the District Judge issued an order consolidating <u>D'Addabbo v. I.R.S.</u>, No. 1:17-cv-00030, into this matter. (Order Consol. Cases, ECF No. 29.) Mr. D'Addabbo objected to the Order Consolidating Cases. (ECF No. 30.) On May 5, 2017, the District Judge denied Mr. D'Addabbo's objection and consolidated the cases, stating that "Mr. D'Addabbo presents no argument that consolidating the cases would be inappropriate." (Order Den. Obj., 2, ECF No. 31.)

## II. DISCUSSION

In his Motion to Show Cause, Mr. D'Addabbo asks for an order requiring the Federal Defendants to "FORCE Evelyn Smith and the other Defendants, to honor this court's jurisdiction!," "to Cease and Desist all actions immediately and to return all Federal Reserve Notes that have been removed from the Plaintiff's wife's accounts, or employers payroll and or all liens immediately removed!," and "to ENFORCE judgement fines upon Evelyn Smith and the IRS." (Mot. to Show Cause 2, ECF No. 5.) In his Motion for Judgment by Default, Mr. D'Addabbo asks this Court to enter default judgment in his favor, pursuant to Federal Rule of Civil Procedure 55, because the Federal Defendants failed to respond to his Complaint within the time required by Federal Rule of Civil Procedure (Rule) 12(a)(1)(A). (ECF No. 6.) In opposition to both of Mr. D'Addabbo's motions, the Federal Defendants argue this Court should deny Mr. D'Addabbo's Motions because Mr. D'Addabbo failed to serve the Federal Defendants properly. (<u>See</u> Opp'n, ECF No. 10.) Specifically, (1) Mr. D'Addabbo mailed the Summonses and Complaints himself, (2) Mr. D'Addabbo failed to serve the United States, and (3) Mr. D'Addabbo failed to serve Revenue Officer Smith and the Treasury

3

Inspector General for Tax Administration ("TIGTA") in their official or individual capacities in accordance with Federal Rule of Civil Procedure 4. (Id. 3–4.)

### A. Mr. D'Addabo Failed to Effect Service Properly.

The Federal Defendants argue Mr. D'Addabbo failed to serve them properly because he personally placed the Summons and Complaint in the mail in violation of Rule 4(c). (Opp'n 3, ECF No. 10.) To serve a defendant properly, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint" upon the defendant. Fed. R. Civ. P. 4(c)(2). When a plaintiff elects to serve a defendant by mail, "only a nonparty can place the summons and complaint in the mail." Constien v. United States, 628 F.3d 1207, 1213-14 (10th Cir. 2010). The plaintiff bears the burden of establishing proper service. See Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992) (stating plaintiff bears burden of proof in establishing valid service of process).

Here, Mr. D'Addabbo's certificate of mailing shows the defective nature of the service. On August 17, 2016, Mr. D'Addabbo mailed via certified mail a copy of the Summonses to "I.R.S. Employee Evelyn Smith;" the "U.S. Department of the Treasury, Legal Department;" and the "US. Attorny [sic] Generals office, and U.S. Dept of Justice." (ECF No. 6-1 at 2–7.) In other words, Mr. D'Addabbo personally placed in the mail the Summons and Complaint for each Defendant. Accordingly, Mr. D'Addabbo failed to comply with Rule 4(c)(2) and failed to serve the Federal Defendants.

"[A] party has no duty to plead until properly served." Fisher v. Lynch, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008). Thus, the Federal Defendants had no duty to answer under Rule 12(a)(1)(A). Indeed, courts cannot enter a default order against a

4

defendant before the plaintiff properly serves that defendant.  Commodities Future Trading Comm'n v. Wall St. Underground, Inc., 221 F.R.D. 554, 558 (D. Kan. 2004).  Mr. D'Addabbo incorrectly insists that the Federal Defendants have "defaulted."  (Mot. for J. by Default, ECF No. 6; *see also* J. by Default and Order:  for the Relief Demanded in the Compl. by the P., against the Defs., ECF No. 35.)  Lastly, courts disfavor default judgments, Katzson Bros., Inc. v. U.S. E.P.A., 839 F.2d 1396, 1399 (10th Cir. 1988).  Because Mr. D'Addabbo has not served the Federal Defendants properly, the Federal Defendants have no obligation to file a responsive pleading or even make an appearance and are not in "default" as alleged by Mr. D'Addabbo.  Accordingly, this Court cannot grant Mr. D'Addabbo's Motion to Show Cause or enter default judgment because Mr. D'Addabbo failed to serve the Federal Defendants properly.

However, courts usually allow pro se litigants more leeway "to correct defects in service of process and pleadings."  Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D. D.C. 1993); Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995).  For example, courts may treat a Rule 12(b)(5) motion as a motion to quash service of process.  27A TRACY BATEMAN FARRELL ET AL., FED. PROC., LAWYERS ED. § 62:452 (2017).  If a plaintiff fails to effect service of process within Rule 4(m)'s prescribed time limit, courts may "order that service be made within a specified time" after notifying the plaintiff.  Fed. R. Civ. P. 4(m); Espinoza, 52 F.3d at 841–42 & n.8.  Here, the undersigned DENIES Mr. D'Addabbo's Motion to Show Cause and RECOMMENDS the Court DENY Mr. D'Addabbo's Motion for Judgment by Default because Mr. D'Addabbo failed to serve the Federal Defendants properly; the undersigned RECOMMENDS the Court strike the Judgment by Default, (ECF No. 35), for the same reasons.  Further,

because Mr. D'Addabbo proceeds pro se, the undersigned RECOMMENDS the Court quash service of process and provide Mr. D'Addabbo an additional thirty (30) days to serve the Federal Defendants in compliance with Rule 4.

**B. Mr. D'Addabbo Did Not Serve the United States or the Federal Defendants in Their Official Capacities.**

The Federal Defendants argue that even if Mr. D'Addabbo had complied with Rule 4(c)(2) and mailed service properly, Mr. D'Addabbo failed to serve the Federal Defendants properly because he did not serve the United States. (Opp'n 3–4, ECF No. 10.) Rule 4(i)(2) provides that to sue a United States officer or employee in an official capacity, a plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States properly, a plaintiff must

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A), (B) & (C).

Mr. D'Addabbo has not provided the Court with documentation showing that he served the United States Attorney for the District of Utah or the civil-process clerk at that office as required under Rule 4(i)(1)(A). (See Proof of Service, ECF No. 6-1.) Accordingly, Mr. D'Addabbo has failed to serve the United States or Officer Smith or the TIGTA in their official capacities.

**C. Mr. D'Addabbo Did Not Serve the Federal Defendants in Their Individual Capacities.**

The Federal Defendants argue Mr. D'Addabbo "has not served either Revenue Officer Smith or the TIGTA in their individual capacities in accordance with Rule 4." (Opp'n 5, ECF No. 10.) Rule 4(i)(3) provides that a plaintiff suing an officer or employee of the United States in his or her individual capacity "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Rule 4(e) enables a plaintiff to serve an individual in accordance with state law or by causing a non-party to

> (A) deliver[] a copy of the summons and of the complaint to the individual personally;
> (B) leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Mr. D'Addabbo does not provide evidence that he served Officer Smith or the TIGTA as required by Rule 4(i)(3). The Court also notes that to the extent that Mr. D'Addabbo brings a civil action "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected," 26 U.S.C. § 7422(a), such a suit "may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative." 26 U.S.C. § 7422(f)(1). To the extent 26 U.S.C. § 7422(a) does not bar his claims against the individuals, Mr. D'Addabbo has not provided the Court with documentation showing that he served Officer Smith or the TIGTA as required by Rule 4(i)(3). Accordingly, Mr. D'Addabbo has failed to serve Officer Smith and the TIGTA in their individual capacities.

7

## III. RECOMMENDATION

For the reasons stated above, the undersigned DENIES Mr. D'Addabbo's Motion to Show Cause (ECF No. 5) and RECOMMENDS the District Judge deny Mr. D'Addabbo's Motion for Judgment by Default (ECF No. 6). The undersigned further RECOMMENDS the District Judge strike the Judgment by Default (ECF No. 35) for the same reasons. Because Mr. D'Addabbo proceeds pro se, the undersigned RECOMMENDS the District Judge quash service of process and provide Mr. D'Addabbo an additional thirty (30) days to serve the Federal Defendants in compliance with Rule 4. The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. Id. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 3rd day of August, 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge