IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| DAVID J. D'ADDABBO, | **REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND (ECF NO. 33)** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:16-cv-854-CW-EJF |
| EVELYN SMITH, et al., | District Judge Clark Waddoups |
| Defendants. | Magistrate Judge Evelyn J. Furse |

Plaintiff David J. D'Addabbo moves the Court[1] "to return this case back to the 1st District Court of Utah." (Aff. of truth. As a Mot. to Deny Juris. of USDC new case… And return case back to 1st District Court of Utah… ("Mot. to Remand") 2, ECF No. 33 (ellipses in original).) Because Defendants "I.R.S. and Agent Evelyn Smith" (collectively, "the Federal Defendants") properly removed this case from the First Judicial District for the State of Utah to this Court under 28 U.S.C. § 1442(a)(1), the undersigned RECOMMENDS the District Judge DENY Mr. D'Addabbo's Motion to Remand.

On February 13, 2017, Mr. D'Addabbo filed a Petition for Civil Wrongful Lien Injunction in the First District Court of Utah, Cache County. (D'Addabbo et al v. IRS et al, 1:17-cv-00030, ECF No. 2-2.) On February 23, 2017, the Federal Defendants removed the case to the United States District Court for the District of Utah. (Id.)

On April 20, 2017, the District Judge issued an order consolidating D'Addabbo et al v. IRS et al, Case No. 1:17-cv-00030, into this matter. (Order Consol. Cases, ECF

---

[1] On August 16, 2016, District Judge Clark Waddoups referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)

1

No. 29.) Mr. D'Addabbo objected to the Order Consolidating Cases. (ECF No. 30.) However, on May 5, 2017, the District Judge denied Mr. D'Addabbo's objection and consolidated the cases, stating that "Mr. D'Addabbo presents no argument that consolidating the cases would be inappropriate." (Order Den. Obj., 2, ECF No. 31.)

Mr. D'Addabbo now moves the Court to remand <u>D'Addabbo et al v. IRS et al</u> back to the First Judicial District for the State of Utah. (ECF No. 33.) Mr. D'Addabbo provides at least two reasons to support remand. First, "[t]he **Power of the State court** over the subject matter is self evident, in fact juridical proof or clear evident declaration or demonstration of a matter which gives the STATE of Utah 1st Dist. Court Jurisdiction in the matter." (Mot. to Remand 6, ECF No. 33.) And second, "as the **jurisdiction is relevant to where the CRIME has taken place,** not matter who did the crime . . . doing crimes within the STATE of Utah are subjected to the STATE of Utah Laws and Jurisdiction, and punishments." (<u>Id.</u> at 7.)

The Federal Defendants argue this Court should deny Mr. D'Addabbo's Motion to Remand because they properly removed the case under 28 U.S.C. § 1442. (Resp'ts' Resp. in Opp'n to Pet'rs' Mot. to Remand ("Resp.") 3, 1:17-cv-00030, ECF No. 10.) 28 U.S.C. § 1442(a)(1) provides that

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer . . . of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue.

"[T]he right of removal under § 1142(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could

2

originally have been brought in federal court." Willingham v. Morgan, 395 U.S. 402, 406 (1969).

The Federal Defendants properly removed this case under 28 U.S.C. § 1142(a)(1). First, Mr. D'Addabbo named as Defendant IRS Officer Evelyn Smith. As an IRS officer, Officer Smith is an officer of the United States as contemplated by § 1142(a)(1). Second, Mr. D'Addabbo's claims arise from Officer Smith's actions within her role as an IRS officer. Officer Smith purported to engage in tax collection activities and thus acted "under color of such office." Thus, even if Mr. D'Addabbo could bring this case in state court, the Federal Defendants have a right to remove it to federal court.

For the reasons stated above, the undersigned RECOMMENDS the District Judge DENY Mr. D'Addabbo's Motion to Remand. (ECF No. 33.) The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. Id. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 3rd day of August, 2017.

BY THE COURT:

*Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge