IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID J. D'ADDABBO, <br><br> Plaintiff, <br><br> v. <br><br> EVELYN SMITH, et al., <br><br> Defendants. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF NO. 14)** <br><br> Case No. 2:16-cv-854-CW-EJF <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Evelyn J. Furse |

The Federal Defendants move the Court[1] to dismiss Plaintiff David J. D'Addabbo's Complaint for failure to state a claim upon which this Court can grant relief. (U.S. Mot. to Dismiss ("Mot."), ECF No. 14.) Having considered the parties' briefing,[2] the undersigned RECOMMENDS the District Judge grant the Federal Defendants' Motion to Dismiss and give Mr. D'Addabbo the opportunity to amend his Complaint. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.") (alteration in original) (quoting 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, Civil 2d § 1483 (West 1990)).

## I. BACKGROUND

On August 2, 2016, Mr. D'Addabbo, proceeding pro se, filed a Complaint against "Evelyn Smith, an employee of the IRS Corporation," "Treasury Inspector General for

---

[1] On August 16, 2016, District Judge Clark Waddoups referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)
[2] The undersigned finds oral argument unnecessary and issues this Report and Recommendation on the basis of the written memoranda. See DUCivR 7-1(f).

1

Tax Administration, and his agents, as a Corporation with the IRS and the US Treasury Corporation," and "United States Corporation 052714196 Council of the Inspectors General on Integrity and Efficiency" (collectively "the Federal Defendants"). (Compl., 1, ECF No. 1.) The title of the Complaint alleges "14 Criminal charges" against the Federal Defendants:

> **R**acketeering with national and international bankers holding companies and other associations, agencies and nations; **F**raud; **E**xtortion; **K**idnapping false arrest, **F**ormulation of Grand Juries to false indict natural persons, **U**sing unlawful Bill of Attainder Fines to extort FRNs; **U**nlawful entrapment at contract without full disclosure to Applicants; **U**nlawful liens and or garnishments without due process at law; **T**hreats made by using the United States Post office to enforce malicious claims, fines, etc…; **R**efusal in obeying Freedom of Information Act laws; **C**onspiracy with private Tax companies; **C**onspiracy with private and Corporate employers; **C**onspiracy with State, County and City governments; **C**onspiracy to alter the natural person to corporate judicial persons; **And** other crimes not yet noted.

(Compl. 1, ECF No. 1.)

Some of Mr. D'Addabbo's claims appear to arise from a 2006 criminal conviction for "threatening a federal agent and . . . Impeding the IRS." (Compl. ¶ 83, ECF No. 1.) In 2006, a grand jury indicted Mr. D'Addabbo for interfering with the administration of internal revenue laws. See Compl. ¶ 82, ECF No. 1; D'Addabbo v. United States, No. 08-4142, 316 F. App'x 722, 723 (10th Cir. Dec. 2, 2008) (unpublished).[3] After his arrest, the United States superseded his indictment and added charges for threatening a federal officer. See D'Addabbo, 316 F. App'x at 723; Compl. ¶ 82, ECF No. 1

---

[3] Generally, a court must convert a motion to dismiss to one for summary judgment when considering matters outside the pleadings. Fed. R. Civ. P. 12(d). A court need not convert the motion if it takes judicial notice of its own files and records, or facts in the public record, such as a state court action and its filings. Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008) (taking judicial notice of a state court action and its filings). Thus, the undersigned takes judicial notice of the earlier federal case filed by Mr. D'Addabbo.

2

(alleging he pled guilty to the false indictment of threatening a federal officer.) Mr. D'Addabbo spent 158 days in jail, pled guilty to threatening a federal officer, and received a sentence of time served and three years of supervised release. See D'Addabbo, 316 F. App'x at 723; Compl. ¶¶ 82–84, 86, ECF No. 1. In 2007, Mr. D'Addabbo filed a civil action in state court alleging various torts and constitutional and civil rights violations. D'Addabbo, 316 F. App'x at 723. The defendants in that action removed the case to the United States District Court for the District of Utah, and the district court dismissed the complaint against the United States for lack of subject matter jurisdiction for failing to exhaust administrative remedies under the Federal Tort Claims Act. Id. The Tenth Circuit affirmed the district court's decision and added dismissal of Mr. D'Addabbo's 42 U.S.C. § 1985 claim for failing to allege race or class-based animus. Id. at 727.

In his current Complaint, Mr. D'Addabbo alleges the Federal Defendants falsely indicted him by grand jury in 2006, unlawfully arrested him, unlawfully held him without bail, and forced him to plead guilty after he contracted tuberculosis and a staph infection while awaiting trial in jail. (See Compl. ¶¶ 82–89.) Mr. D'Addabbo claims the I.R.S. has subsequently unlawfully fined him $10,300.00 and subjected him to fabricated taxes. (Id. at ¶ 98.) Further, Mr. D'Addabbo contends I.R.S. agent Evelyn Smith conspired with a company called StopIRSdebt.com "to take and try to bankrupt and seize the home of the Plaintiff's wife." (Id. at ¶ 112.) The I.R.S. tried to cause this result by filing allegedly frivolous liens and unlawfully garnishing Ms. D'Addabbo's wages. (Id. at ¶¶ 111, 129–130.) Mr. D'Addabbo further argues "The Defendants discriminated against [him] as part of a class of people so named as being a Conservative Patriot." (Id. at ¶

90.) In his request for damages, Mr. D'Addabbo asks this Court to terminate Officer Smith and her "accomplices" without benefits, expose by criminal indictment the companies listed in the Complaint, sentence the Federal Defendants to prison time, and award Mr. D'Addabbo punitive damages of $2,026,485.00.  (Id. at ¶¶ 123–126, 128–138.)

On December 12, 2016, the Federal Defendants filed the instant Motion to Dismiss asking this Court to dismiss Mr. D'Addabbo's Complaint for failure to state a claim upon which this Court can grant relief.  (Mot. 2, ECF No. 14.)  On January 4, 2017, Mr. D'Addabbo filed an opposition to the Federal Defendants' Motion to Dismiss.  (Opp'n, ECF No. 18.)  On January 12, 2017, the Federal Defendants filed a Reply.  (Reply, ECF No. 19.)  On January 23, 2017, Mr. D'Addabbo filed a reply to the Federal Defendants' January 12, 2017 Reply.  (**The Pl. (**Again files in special Appearance. . .**) to Reply; to the Fed. Defs.' Reply**, ECF No. 20 (ellipses in original).)  This Court struck Mr. D'Addabbo's reply because Mr. D'Addabbo did not first seek leave of court to file an additional memorandum.  (Mem. Dec. & Order Striking 2d Reply to Mot. to Dismiss, ECF No. 21.)

On April 20, 2017, the District Judge issued an order consolidating D'Addabbo v. I.R.S., No. 1:17-cv-00030, into this matter.  (Order Consol. Cases, ECF No. 29.)  Mr. D'Addabbo objected to the Order Consolidating Cases.  (ECF No. 30.)  On May 5, 2017, the District Judge denied Mr. D'Addabbo's objection and consolidated the cases, stating that "Mr. D'Addabbo presents no argument that consolidating the cases would be inappropriate."  (Order Den. Obj., 2, ECF No. 31.)

## II.  DISCUSSION

The Federal Defendants argue this Court should dismiss Mr. D'Addabbo's Complaint for failure to state a claim upon which this Court can grant relief.  The Federal Defendants argue Mr. D'Addabbo's Complaint contains insufficient factual allegations to survive a motion to dismiss.  The Federal Defendants also contest Mr. D'Addabbo's standing to bring claims on behalf of his wife.  Additionally, the Federal Defendants argue res judicata and the statute of limitations bar any challenge to Mr. D'Addabbo's 2006 criminal conviction.  Finally, the Federal Defendants argue the United States, and not Officer Smith or the other two named Defendants, constitutes the proper party defendant.  The Court considers each argument in turn.

**1.  As a Pro Se Litigant, Mr. D'Addabbo May Not Represent His Wife.**

The Federal Defendants argue this Court should dismiss any claims Mr. D'Addabbo asserts on behalf of his wife because "Plaintiff does not appear to be a licensed attorney in Utah and cannot, therefore, represent his wife's interests in this litigation."  (Mot. 9, ECF No. 14.)  In his Opposition, Mr. D'Addabbo states, "the Plaintiff served the Defendants power of attorney papers given to the Plaintiff by his wife to handle all claims for her, as she stands with clean hands and knows nothing about such laws or how to handle the continual abusive actions of the Defendants."  (Opp'n 7, ECF No. 18.)  A power of attorney does not give a person the right to act as an attorney in court.  See Sanders v. Funk, No. 07-CV-00192-LTB-CBS, 2007 WL 1158531, at *3 (D. Colo. Apr. 6, 2007) ("authorization to act under a power of attorney is not an authorization to practice law").  Further, since the parties filed the Motion to Dismiss and the Opposition to that Motion, the Court consolidated D'Addabbo v. I.R.S. into this case.

5

(ECF No. 31.)  Ms. D'Addabbo signed the petition in that case and is now a plaintiff in this matter.  Thus, the consolidation addressed a portion of the Federal Defendants' concerns.  While Mr. D'Addabbo's power of attorney may include the authority to assert claims on Ms. D'Addabbo's behalf as her agent, Mr. D'Addabbo lacks the authority to act as Ms. D'Addabbo's attorney.

As a non-lawyer, Mr. D'Addabbo may proceed pro se on behalf of his own personal claims but may not act as unlicensed counsel to bring the claims of others. Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1299–1300 (10th Cir. 2011); see also Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1344 (D. Kan. 2000) (citing 28 U.S.C. § 1654) ("Moreover, although plaintiff has the right to appear pro se on his own behalf, he may not represent another pro se plaintiff in federal court.").  Here, Mr. D'Addabbo does not claim to be an attorney.  Accordingly, while Mr. D'Addabbo may appear pro so on his own behalf, Mr. D'Addabbo may not represent his wife in this action.  To correct this deficiency in the future, Mr. D'Addabbo and Ms. D'Addabbo must each sign any filings they submit in accordance with Federal Rule of Civil Procedure 11.

**2. Mr. D'Addabbo Lacks the Ability to Bring a Criminal Complaint.**

Mr. D'Addabbo also attempts to bring criminal claims in his Complaint.  For example, Mr. D'Addabbo refers to his Complaint as his "Criminal complaint at Law" and alleges "14 criminal charges" against the Federal Defendants.  (See Compl., ECF No. 1.)  Mr. D'Addabbo states,

> Thus, citizens have the unbridled right to empanel their own grand juries and present 'True Bills' of indictment to a court, which is then required to commence a criminal proceeding.  Our Founding Fathers presciently thereby created a 'buffer' the people may rely upon for justice, when public officials, including judges, criminally violate the law.

(Id. at ¶ 19.) "[A] private citizen lacks a judicially cognizeable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 475 U.S. 54, 64 (1986) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Because Mr. D'Addabbo lacks a judicially recognized interest in the criminal prosecution of the Federal Defendants, he lacks standing to bring these criminal claims. See Keyter v. 535 Members of the 110th Congress, 277 F. App'x 825, 827 (10th Cir. 2008) (unpublished).

The case cited by Mr. D'Addabbo, United States v. Williams, 504 U.S. 36, 47 (1992), acknowledges the independence of grand juries. Williams also recognizes the judicial branch's limited role in forming the grand jury and swearing the grand juries in. Id. Neither the court nor the public presents cases to a federal grand jury. See Fed. R. Crim. P. 6(d). Accordingly, the undersigned RECOMMENDS the District Judge dismiss Mr. D'Addabbo's criminal claims against the Federal Defendants.

### 3. The Statute of Limitations Bars Mr. D'Addabbo's Civil Rights and Personal Injury Claims Related to His 2006 Conviction.

The Federal Defendants argue this Court should dismiss any claims Mr. D'Addabbo brings challenging his 2006 arrest and conviction. (Mot. 20, ECF No. 14.) First, the Federal Defendants argue that res judicata bars Mr. D'Addabbo's claims challenging his 2006 arrest, conviction, and alleged harms because he already litigated these claims through appeal in D'Addabbo v. United States, 316 F. App'x 722 (10th Cir. 2008) (unpublished). (Mot. 20–21, ECF No. 14.) In D'Addabbo v. United States, Mr. D'Addabbo filed a civil action against the Treasury Inspector General for Tax Administration ("TIGTA"), the United States, and the two Special Agents who arrested him, challenging his 2006 arrest, conviction, and detention. 316 F. App'x at 723. The district court dismissed Mr. D'Addabbo's claims for lack of subject matter jurisdiction

and qualified immunity. Id. The Tenth Circuit affirmed. Id. In his current Complaint, Mr. D'Addabbo alleges the Federal Defendants falsely indicted him by grand jury in 2006, unlawfully arrested him, unlawfully held him without bail, and forced him to plead guilty after he contracted tuberculosis and a staph infection while awaiting trial in jail. (See Compl. ¶¶ 82–89.)

Res judicata bars a party from litigating the same claims or issues from a prior action if the action satisfies the following four elements:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

Plotner v. AT & T Corp., 224 F.3d 1161, 1168 (10th Cir. 2000).

The Federal Defendants have not shown res judicata bars Mr. D'Addabo's claims challenging his 2006 arrest, conviction, and alleged harms. First, D'Addabbo v. United States only ended with a judgment on the merits for the individual agents, not named here, as the district court dismissed them under qualitied immunity and for the claim of conspiracy under 42 U.S.C. § 1985 for failure to state a claim. No facts alleged in the current Complaint suggest a 42 U.S.C. § 1985 claim, and Mr. D'Addabbo does not assert one. The dismissal for lack of subject matter jurisdiction under the Federal Tort Claims Act for failure to exhaust administrative remedies does not constitute a judgment on the merits. See, e.g., Cory v. Falhstrom, 143 F. App'x 84, 87 (10th Cir. 2005) (unpublished) (holding "first suit did not end with a judgment on the merits; instead, the court dismissed the suit for lack of subject matter jurisdiction"); accord Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1188 (11th Cir. 2003) (dismissal of action for lack of subject matter jurisdiction "plainly is not an adjudication on the merits that would give

rise to a viable res judicata defense"); accord St. Pierre v. Dyer, 208 F.3d 394, 400 (2d Cir. 2000) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no res judicata effect."). Thus, the only prior claim against any of the existing Federal Defendants dismissed on the merits was for a civil rights violation not alleged in this Complaint. Therefore, res judicata does not bar the current Complaint.

Next, the Federal Defendants argue that "[t]o the extent Plaintiff has alleged a Bivens action in this case, the statute of limitations on that claim expired years ago." (Mot. 22, ECF No. 14.) The Federal Defendants assert that Mr. D'Addabbo's statute of limitations began to run on March 20, 2006, the date of his arraignment, and expired on March 20, 2010. (Mot. 22, ECF No. 14.) The Federal Defendants argue that even if the statute of limitations began running on August 17, 2009, the end of Mr. D'Addabbo's term of supervised release, "the claim would still be time-barred as the four-year limitations period would have expired on August 17, 2013." (Mot. 23, ECF No. 14.)

Mr. D'Addabbo appears to claim the statute of limitations on his 2006 criminal conviction has not run:

> This happened in 2006, brought in light of the courts in 2007 forward and renewed as a legitimate crime unlocking any statues of limitations... to the Inspector General's office; by it sending out officials to interview, or open back up the case and defend off any statute of limitation claims, in February of 2016.

(Compl. ¶ 88, ECF No. 1 (ellipses in original).) However, a Bivens action "is subject to the statute of limitations of the general personal injury statute in the state where the action arose." Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). In Utah, a four year statute of limitations for general personal

9

injury claims applies. Utah Code Ann. § 78B-2-307(3); see Falkenrath v. Candela Corp., 2016 UT App 76, ¶ 9, 374 P.3d 1028, 1031 (applying a four-year limitation to a personal injury suit). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Indus. Constructor Corp., 15 F.3d at 969. However, "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run." Id.

Here, the statute of limitations on Mr. D'Addabbo's allegations that the Federal Defendants falsely indicted him by grand jury in 2006, unlawfully arrested him, unlawfully held him without bail, and forced him to plead guilty after he contracted tuberculosis and a staph infection while awaiting trial in jail, began to run when Mr. D'Addabbo had reason to know of the existence and cause of his injuries. In other words, the statute of limitations on Mr. D'Addabbo's Bivens challenges began to run as early as March 20, 2006 when the United States arraigned Mr. D'Addabbo on charges and no later than August 17, 2009 when Mr. D'Addabbo finished his supervised release. Accordingly, to the extent Mr. D'Addabbo seeks to challenge his 2006 arrest, conviction, and related harms, the statute of limitations on any Bivens or state personal injury claims ran no later than August 17, 2013. While not argued by the Federal Defendants, the Court also notes that any state claims for personal injuries arising out of the 2006 arrest and conviction would also have begun running no later than August 17, 2009 when his term of supervised release ended. The Court sees no other alleged claims from the 2006 arrest and conviction. Therefore, the undersigned RECOMMENDS dismissing Mr. D'Addabbo's claims regarding the Federal Defendants' 2006 actions.

### 4. The United States is Proper Party Defendant to a Challenge to I.R.S. Tax Collection.

The Federal Defendants argue this Court should dismiss Mr. D'Addabbo's claims challenging the I.R.S.'s tax collection because the United States constitutes the only proper party defendant, and Mr. D'Addabbo failed to serve the United States. (Mot. 7 & 10, ECF No. 14.) As discussed in this Court's August 3, 2017 Order, Mr. D'Addabbo failed to effect proper service on any of the Federal Defendants. (ECF No. 40.) Regardless of service, the Court agrees with the United States that the United States, and not Officer Smith, the TIGTA, or the Council for the Inspectors General, constitutes the proper party defendant in a challenge to I.R.S. tax collection.

To the extent Mr. D'Addabbo brings a civil action "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected," 26 U.S.C. § 7422 (a), such a suit "may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative." 26 U.S.C. § 7422(f)(1). Further, where a claim would be payable from the Treasury, the United States is the proper defendant. Weiss v. Sawyer, 28 F. Supp. 2d 1221, 1226 (W.D. Okla. 1997). Once Mr. D'Addabbo properly serves process on the United States, the Court will substitute the United States as the proper defendant if Mr. D'Addabbo mistakenly continues to name individual officers or government agencies. 26 U.S.C. § 7422(f)(2); Russell v. Rook, 893 F. Supp. 949, 951 (E.D. Wash. 1995).

The Court also notes that the I.R.S., as an agency of the United States, has the authority to collect taxes. The Supreme Court has explicitly stated "that the Internal

Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under § 7801(a) of the 1954 Code for the administration and enforcement of the internal revenue laws." Donaldson v. United States, 400 U.S. 517, 534 (1971) (overturned on other grounds by 26 U.S.C. § 7609). Further, courts routinely find arguments challenging the authority of the I.R.S. to collect taxes "patently frivolous." See, e.g., United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) ("For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves; efforts to argue otherwise have been sanctioned as frivolous." (citing Brushaber v. Union Pac. R.R., 240 U.S. 1, 12–19 (1916)); United States v. Springer, 427 F. App'x 650, 652–53 (10th Cir. 2011) (unpublished) (recognizing arguments challenging the tax collecting authority of the I.R.S. as "patently frivolous"). Thus, the undersigned RECOMMENDS the District Judge dismiss any claims in the Complaint generally challenging the I.R.S.'s authority to collect taxes.

### 5. The Court Lacks Jurisdiction to Hear Mr. D'Addabbo's Unlawful Fine and Wrongful Lien Claims.

Mr. D'Addabbo appears to allege Officer Smith levied unlawful fines, fees, liens, and garnishments against Mr. and Ms. D'Addabbo. (Compl. ¶¶ 59, 75, 91, 98, 102, 103, 105, 107, 109, 110, 111, 112, ECF No. 1.) Mr. D'Addabbo states that Officer Smith "orchestrat[ed] the unlawful fines, charges, fees garnishments, lien, etc..in January of 2016." (Id. ¶ 59.) Specifically, Mr. D'Addabbo alleges the I.R.S. erroneously or illegally assessed a fine of $10,000, plus fees and interest. (Id. ¶ 75.) Additionally, Officer Smith garnished Ms. D'Addabbo's income and placed "a frivolous lien upon" Ms. D'Addabbo. (Id. ¶ 111.) The I.R.S. garnished $6,000 from Ms. D'Addabbo's wages and

12

placed $16,495 worth of frivolous liens on Ms. D'Addabbo. (Id. ¶¶ 129–130.) In a separate brief, the Federal Defendants explain that the D'Addabbos failed to file a claim for a refund or pay the full tax liability prior to bringing suit, which fails to meet the procedures set by the United States for it to waive sovereign immunity. (Resp. in Opp'n to Pl.'s Mot. for Wrongful Lien Inj. 9, ECF No. 27.) Mr. and Ms. D'Addabbo failed to allege filing a claim for refund with the I.R.S. as required by 26 U.S.C. § 7422, and failed to allege paying the tax liability in full before bringing suit. These failings deprive the Court of jurisdiction.

> Under § 7422
>
> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). In other words, for the district court to have jurisdiction over the recovery of an illegally assessed penalty, frivolous lien, or an illegal garnishment, a litigant must file a claim for refund with the Secretary of the Treasury. In addition, a litigant must pay the full tax liability prior to bringing the action in court. See Flora v. United States, 362 U.S. 145, 146 (1960) (holding a plaintiff must fully pay the assessment for district court to have jurisdiction over an income tax refund claim); Glass v. I.R.S., 21 F. App'x 870, 872 (10th Cir. 2001) (unpublished) ("District courts have no jurisdiction over civil claims challenging taxes unless litigants first pay the assessment tax.") Here, while Mr. D'Addabbo claims "**The Plaintiff has exhausted all possible ways** of settling this out of court," Mr. and Ms. D'Addabbo do not allege

they filed a claim for refund with the Secretary of the Treasury or that they paid the full tax liability asserted by the I.R.S. prior to bringing this action. (Compl. ¶ 75, ECF No. 1.) Thus, Mr. D'Addabbo and his wife have failed to allege the statutory requirements needed for the district court to have jurisdiction over a claim for recovery of the allegedly illegal fine, garnishment, and liens.

Mr. and Ms. D'Addabbo fail to establish this Court's jurisdiction over their wrongful lien claim for another reason. Mr. D'Addabbo alleges the I.R.S. unlawfully filed a lien against Ms. D'Addabbo. (Compl. ¶ 111, ECF No. 1.) To the extent Mr. D'Addabbo seeks to allege the I.R.S. has unlawfully failed to release the lien, § 7432 provides a cause of action "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." 26 U.S.C. § 7432(a). Section 6325 requires the I.R.S. release a lien if "[t]he Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable." 26 U.S.C. § 6325(a)(1). The Secretary shall "find" the liability satisfied when the taxpayer submits a request for release of lien along with adequate proof of satisfaction. 26 C.F.R. § 301.7432-1(b).

Mr. D'Addabbo has not alleged that he either submitted a request for release of lien to the Secretary or fully satisfied the amount assessed. Accordingly, Mr. D'Addabbo cannot seek relief under § 7432. To the extent Mr. D'Addabbo argues the I.R.S. improperly placed the lien in the first instance, "[t]his too is a challenge to plaintiff's assessment and cannot be heard under Section 7432." Myers v. United States, No. 12-4005-KHV, 2013 WL 5596813, *10 (D. Kan. Oct. 11, 2013)

14

(unpublished). Thus, if Mr. D'Addabbo challenges the assessment of the lien, he must bring it under § 7422, and as previously stated, Mr. and Ms. D'Addabbo have not alleged they filed a claim for refund with the Secretary of the Treasury or that they paid the full tax liability prior to bringing this action. For the reasons stated above, the undersigned RECOMMENDS the District Judge dismiss Mr. D'Addabbo's claims for unlawful fine and unlawful lien without prejudice. Mr. D'Addabbo does allege various correspondence and notices given to the I.R.S. and certain sums of money already seized. Hence he may have met the conditions required, but the Complaint fails to state those facts. Therefore, the undersigned RECOMMENDS the District Judge give Mr. D'Addabbo leave to amend.

### 6. Mr. D'Addabbo's Conspiracy Claims Contain Insufficient Factual Allegations to Survive a Motion to Dismiss.

The Federal Defendants argue that "Plaintiff's complaint is so sparse on facts that he has failed to demonstrate any of his claims against the Federal Defendants are plausible. The allegations in his complaint range from unsupported assertions of broad government conspiracies to conclusory statements about supposed harm he has suffered." (Mot. 17, ECF No. 14.) To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, courts accept as true the well-pled factual allegations and view the allegations in the light most favorable to the plaintiff, drawing all

15

reasonable inferences in the plaintiff's favor.  See Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013).

"[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (alteration in original)).  Accordingly,

> if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Id.  (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Although a court "construe[s] a pro se plaintiff's complaint broadly, the plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"  Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110).  To survive a motion to dismiss, a pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555.)  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall, 935 F.2d at 1110.  The Court will disregard legal allegations masquerading as factual allegations.  Twombly, 550 U.S. at 555–56 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  If a pro se party has not alleged sufficient facts to support a legal theory, courts will not fill in the factual gaps.  Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (citing Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

Here, Mr. D'Addabbo does not state his claims against the Federal Defendants with sufficient detail to survive a motion to dismiss. Mr. D'Addabbo alleges that Officer Smith conspired with StopIRSdebt.com "to take and try to bankrupt and seize the home of the Plaintiff's wife." (Compl. ¶ 112, ECF No. 1.) Mr. D'Addabbo appears to suggest state fraud and civil conspiracy claims. (Id. ¶¶ 77, 103, 112.) While Mr. D'Addabbo alleges Officer Smith conspired with StopIRSdebt.com, Mr. D'Addabbo does not offer specific factual allegations to support his claim like how Officer Smith came to know StopIRSdebt.com or when they agreed to bankrupt Ms. D'Addabbo and seize Ms. D'Addabbo's home. Without these surrounding factual allegations, or others, the fraud and civil conspiracy claims remain implausible. As previously stated, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1110. As currently pled, Mr. D'Addabbo provides "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555.) Accordingly, Mr. D'Addabbo has failed to state a cognizable fraud or civil conspiracy claim and related facts upon which this Court can grant relief. The undersigned further notes Mr. D'Addabbo does not allege where the United States waived sovereign immunity to allow him to bring these claims. Accordingly, the undersigned RECOMMENDS the District Judge dismiss Mr. D'Addabbo's fraud and civil conspiracy claims for failure to state a claim without prejudice.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge GRANT the Federal Defendants' Motion to Dismiss

without prejudice.  Further, the undersigned RECOMMENDS the District Judge GRANT Mr. D'Addabbo leave to amend.  The Court will send copies of this Report and Recommendation to all parties and notifies them of their right to object.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  Id.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of August, 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge