IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID J. D'ADDABBO, and LINDA L. D'ADDABBO,<br><br>Plaintiff and Consol. Plaintiff,<br><br>v.<br><br>EVELYN SMITH, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS & ADOPTING REPORTS AND RECOMMENDATIONS**<br><br>Case No. 2:16-cv-854-CW-EJF<br>(Consol. Case 1:17-cv-30)<br><br>Judge Clark Waddoups<br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff David J. D'Addabbo sues various entities and individuals associated with the Internal Revenue Service (IRS).[1] Mr. D'Addabbo seeks over two million dollars in damages from the Defendants, challenging the IRS's efforts to collect taxes from him and his wife, Linda L. D'Addabbo, and challenging his 2006 prosecution and conviction for threatening a federal agent and impeding the IRS. (*See generally* Dkt. No. 1.) Mr. D'Addabbo makes a number of legally unintelligible assertions about taxation, the IRS, and the Defendants throughout his Complaint and other filings. (*See id.*; *e.g.*, Dkt. Nos. 18, 33, 43.)

The case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 4.) In April 2017, the court consolidated this case with a later-filed wrongful lien action initiated by Mr. D'Addabbo on behalf of himself and Mrs. D'Addabbo. (*See* Order Consol. Cases, Dkt. No. 29; *D'Addabbo v. I.R.S.*, No. 1:17-cv-30 (removed April 23, 2017).)

---

[1] Mr. D'Addabbo names the following defendants in his Complaint: "Evelyn Smith an employee of the IRS Corporation," "Treasury Inspector General for Tax Administration, and his Agents, as a corporation with the IRS and the US Treasury Corporation," and the "United States Corporation Council of the Inspectors on Integrity and Efficiency." (*See* Dkt. No. 1, p. 1.)

In August 2017, Judge Furse issued three Reports and Recommendations. Judge Furse recommended that the court (1) dismiss any criminal claims against the Defendants for lack of standing; (2) dismiss any *Bivens* or state personal injury claims related to the 2006 convictions as barred by the relevant statute of limitations; (3) dismiss any claims generally challenging the IRS's authority to collect taxes; (4) dismiss the unlawful fine and wrongful lien claims for lack of jurisdiction and grant leave to amend those claims; (5) dismiss without prejudice any fraud and civil conspiracy claims for failure to state a claim; (6) deny Mr. D'Addabbo's Motion for Default Judgment and Motion to Remand, and strike Mr. D'Addabbo's "Judgment by Default," (Dkt. No. 35); and (7) quash service of process in this action, providing Mr. D'Addabbo an additional thirty (30) days to serve the Defendants in compliance with Rule 4. (*See* Dkt. Nos. 40, 41, 42.)

Mr. D'Addabbo filed an Objection to Judge Furse's Reports and Recommendations, (Dkt. No. 43), and the Defendants filed a Response, (Dkt. No. 44). Mr. D'Addabbo's Objection fails to respond to the substance of Judge Furse's recommendations; rather, Mr. D'Addabbo continues to assert unfounded conspiracy theories with no factual support, claim that settled law and procedures do not apply to him, and impugn the judiciary. (*See* Dkt. No. 43.)

Nevertheless, the court has conducted a *de novo* review of the record and Judge Furse's findings. Consistent with Judge Furse's treatment of the case, the court liberally construes Mr. D'Addabbo's filings and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the court does not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court will not supply additional factual

allegations or construct a legal theory on Mr. D'Addabbo's behalf. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). Moreover, despite Mr. D'Addabbo's protestations, pro se litigants must follow the same rules of procedure as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

The court detects no legal error in Judge Furse's thoughtful analysis and measured conclusions. Judge Furse properly construed Mr. D'Addabbo's Complaint to state several possible claims, and addressed each one in turn, correctly finding that Mr. D'Addabbo failed to properly effect service in this case; lacks standing to bring criminal charges; is time barred from challenging the 2006 prosecution and convictions; and fails to state claims for unlawful fine and wrongful lien, as well as fraud and/or conspiracy. Mr. D'Addabbo cannot simply assert that he has suffered unconstitutional harms while simultaneously flouting the law and procedures required to assert a legally sufficient claim. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (observing that "even pro se litigants must do more than make mere conclusory statements regarding constitutional claims"); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (noting that it is "not the district court's job to stitch together cognizable claims for relief from . . . wholly deficient pleading[s] . . . [and] we are loath to reverse a district court for refusing to do the litigant's job").

Additionally, the court will not address or entertain Mr. D'Addabbo's disparagements of the judiciary. "Personal attacks on the judiciary and a party's counsel are no substitute for reasoned arguments . . . ." *Baer v. Salt Lake City Corp.*, No. 16-4186, ___ F. App'x ___, 2017 WL 3446870, at *3 (10th Cir. Aug. 11, 2017) (unpublished) (citing *Garrett*, 425 F.3d at 841).[2]

---

[2] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. *See* Fed. R. App. 32.1; 10th Cir. App. R. 32.1.

Thus, upon *de novo* review of Judge Furse' findings, the court **APPROVES AND ADOPTS** Judge Furse's Reports and Recommendations in their entireties. (Dkt. Nos. 40, 41, 42.) Accordingly, following the Reports and Recommendations, and for the reasons stated therein, the court hereby ORDERS as follows:

- Mr. D'Addabbo's Motion for Default Judgment (Dkt. No. 6) and Motion to Remand (Dkt. No. 33) are **DENIED**;

- Mr. D'Addabbo's "Judgment by Default" (Dkt. No. 35) is **STRICKEN**; and

- Defendants' Motion to Dismiss (Dkt. No. 14) is **GRANTED**, with leave for Mr. D'Addabbo to amend his Complaint, with the following conditions: Mr. D'Addabbo may reassert, if he chooses, unlawful fine and/or wrongful lien claims, and fraud and/or civil conspiracy claims. These claims must comply with the federal law and pleading standards discussed in Judge Furse's Report and Recommendation on Defendants' Motion to Dismiss, (Dkt. No. 42). Mr. D'Addabbo may not reassert any criminal claims against the Defendants; any *Bivens* or state personal injury claims related to the 2006 convictions; or any claims generally challenging the IRS's authority to collect taxes.

The court cautions Mr. D'Addabbo that if he chooses to include his wife as a plaintiff in an amended complaint, Mr. D'Addabbo and Mrs. D'Addabbo must *each* sign any filings they submit in accordance with Federal Rule of Civil Procedure 11.[3]

Finally, the court **QUASHES** service of process in this action, and provides Mr. D'Addabbo an additional thirty (30) days to serve the Defendants in compliance with Rule 4, per

---

[3] As a non-lawyer, Mr. D'Addabbo may proceed pro se on behalf of his own claims but may not act as unlicensed counsel to bring the claims of others. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299–1300 (10th Cir. 2011).

the instructions in Judge Furse's Report and Recommendation on Mr. D'Addabbo's Motion for

Default Judgment, (Dkt. No. 40).

All other motions pending in this action are denied as **MOOT**.

SO ORDERED this 26th day of September, 2017.

BY THE COURT:

CLARK WADDOUPS
United States District Judge